**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAWN KENDALL MURRAY,** | : | |
| | | **CIVIL ACTION NO. 3:22-1378** |
| **Petitioner** | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| **J. SAGE, WARDEN,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Petitioner, Shawn Kendall Murray, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Murray challenges the calculation of his sentence, claiming that he is entitled to prior custody credit for time spent in custody from December 4, 2019, to present and that his thirty-three-month sentence was to be served concurrent with his state sentence. Id.

For the reasons that follow, the Court will deny the petition for writ of habeas corpus as to Petitioner's request for credit toward his federal sentence.

## I. Background

On May 10, 2022, the Murray was sentenced to a thirty-three-month sentence imposed by the United States District Court for the Northern District

of West Virginia, for Possession with Intent to Distribute Cocaine Hydrochloride. (Doc. 15-1 at 8, Public Information Inmate Data). His projected statutory release date is May 26, 2024. Id.

On November 3, 2018, Murray was arrested in Loudoun County, Leesburg, Virginia for Elude/Disregard Police and Driving Suspended/Revoked (CR00033623, CR00033624), and for charges out of Prince William County, Manassas, Virginia, for Possession with Intent to Distribute Controlled Substance (CR18002880). (Doc. 15-1 at 28, Criminal Dockets).

On May 24, 2019, Murray was sentenced to a term of three-years for the eluding/disregarding police conviction (CR0033623) and 12-months for the driving with the suspended/revoked license conviction (CR00033624). (Doc. 15-1 at 15-18).

On May 29, 2019, Murray was transferred to Prince William County, Manassas, Virginia, for pending state charges in case number CR18002880, for Possession with Intent to Distribute Controlled Substance. (Doc. 15-1 at 21, Designation and Sentence Computation Center Form).

On December 3, 2019, the United States Marshals Service (USMS) temporarily borrowed Petitioner from state custody on a federal Writ of

Habeas Corpus Ad Prosequendum in Case 3:19-cr-00017. (Doc. 15-1 at 26, Writ of Habeas Corpus Ad Prosequendum).

On July 9, 2021, while in federal custody on a federal writ, the charges for the Prince William County case number CR18002880 were dismissed. (Doc. 15-1 at 28).

On January 18, 2022, Petitioner was paroled from his state sentences in Loudon County Circuit Court Case Numbers CR00033623 and CR00033624 while in federal custody on the federal writ. (Doc. 15-1 at 31, Virginia Parole Board Order of Release and Conditions of Post Release Supervision). At that time, Petitioner entered exclusive federal custody. Id.

On May 10, 2022, the United States District Court for the Northern District of West Virginia sentenced Murray to a thirty-three-month term of imprisonment for Possession with Intent to Distribute Cocaine Hydrochloride in Case number 3:19-CR-17-9. (Doc. 15-1 at 33, Judgment and Commitment Order). The federal sentencing court ordered its sentence to run concurrent with the imposed sentences in Loudoun County Circuit Court Case Numbers CR00033623 and CR00033624; however, those state sentences had already concluded on January 18, 2022. (Doc. 15-1 at 31, Virginia Parole

Board Order of Release and Conditions of Post Release Supervision, Doc. 15-1 at 33, Judgment and Commitment Order).

The BOP prepared a sentence computation for Petitioner based on his thirty-three-month term of imprisonment commencing on May 10, 2022, the date his federal sentence was imposed. (Doc. 15-1 at 8). Credit for time spent in custody from December 3, 2018, through January 18, 2022, was previously applied to Murray's state sentences. Id. The BOP applied prior custody credit from January 19, 2022, the day after Murray was paroled from his state sentences to May 9, 2022, the day before his federal sentence was imposed. Id.

## II.     Discussion

Murray alleges that his federal sentence was to be served concurrently with his state sentence and that he is entitled to prior custody credit for time spent in custody from December 4, 2019, through January 18, 2022. (Doc. 1).

Under our jurisprudence, the "authority to calculate a federal sentence and provide credit for time served ... [belongs] to the Attorney General, who acts through the BOP." Goodman v. Grondolsky, 427 F. App'x. 81, 82 (3d

Cir. 2011) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 333–35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Id. (citing 18 U.S.C. §3585).

A federal sentence, "commences when the defendant is received by the Attorney General for service of his federal sentence." See, e.g., Rashid v. Quintana, 372 F. App'x 260, 262–63 (3d Cir. 2010) (citing 18 U.S.C. §3585(a)). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed." Id.; Taylor v. Holt, 309 F. App'x 591, 592–93 (3d Cir. 2009). In other words, "the earliest possible date a federal sentence may commence is the date it was imposed." E.g., Pitts v. Spaulding, No. 15-0644, 2015 WL 8482041, at *4 (M.D. Pa. Dec. 10, 2015) (internal quotation marks omitted).

With those principles in mind, the BOP could not commence Petitioner's federal sentence at any point earlier than its date of imposition, on May 10, 2022. Rashid, 372 F. App'x at 262; Proctor v. Finley, No. 19-630, 2020 WL 618621, at *3 (M.D. Pa. Feb. 10, 2020). At that point, Petitioner was no longer serving his pre-existing Loudon County sentence, as he had been paroled from his state sentences on January 18, 2022.

Moreover, a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus from non-federal custody because, in such a situation, the state authorities retain primary custody over the prisoner. Holloman v. Warden Fairton FCI, 635 F. App'x 12, 14 (3d Cir. 2015) ("The production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant."); Taccetta v. Federal Bureau of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015) (finding that under the primary custody doctrine, the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign).

Here, Petitioner was in the primary custody of the Commonwealth of Pennsylvania on December 3, 2019, when the United States Marshals Service (USMS) temporarily borrowed Murray from state custody on a federal Writ of Habeas Corpus Ad Prosequendum in Case 3:19-cr-00017. Petitioner remained in the primary custody of Pennsylvania until January 18, 2022, when he was paroled from his state sentence into federal custody. As it is clear from the case law on this issue, a temporary transfer pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary custody

to the transferee authority. Thus, Petitioner remained in the primary custody of Pennsylvania until January 18, 2022, when he was released on parole. Consequently, during the time the USMS borrowed Petitioner from state custody to face federal charges, specifically, December 3, 2019, to January 18, 2022, Petitioner, was in the primary custody of the State of Pennsylvania and the State applied that time toward Petitioner's state sentences.

To the extent that Petitioner argues that he should also receive credit toward his federal sentence from December 4, 2019, through January 18, 2022, the Court disagrees. Under 18 U.S.C. §3585(b), which governs prior custody credit:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence**.

(emphasis added). Consequently, the BOP could not award Petitioner credit on his federal sentence for the time period from December 4, 2019, through

January 18, 2022, because the State of Pennsylvania already applied that time to his state sentences. 18 U.S.C. §3585(b). Stated differently, §3585(b) prohibits Petitioner from receiving double credit for that time period. The only period of time Petitioner was eligible for prior custody credit was the time spent in detention between his release from state authorities on January 18, 2022, and the imposition of his federal sentence on May 10, 2022. As a result, Petitioner was given jail credit from January 19, 2022, through May 9, 2022.

## III. Conclusion

For the reasons stated above, the BOP properly calculated Petitioner's sentence computation in accordance with federal law and BOP policy, and the petition for a writ of habeas corpus will be **DENIED.**

A separate Order will be issued.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 29, 2024**
22-1378-01